LORENZO ISERN & CÍA., PETICIONARIA, *v.* CUEVAS ZEQUEIRA, JUEZ DE DISTRITO, DEMANDADO.

SOLICITUD para que se expida un auto de *certiorari* al Juez de la Corte de Distrito de Humacao en pleito sobre cobro de dinero.

No. 161.—Resuelto en julio 5, 1916.

APELACIONES DE LAS CORTES MUNICIPALES—CORTES DE DISTRITO—RADICACIÓN DE LOS AUTOS—PAGO DE DERECHOS.—Para que una apelación de una corte municipal a la de distrito se entienda debidamente archivada en la corte de apelación, no basta la sola remisión de los autos por el secretario sino que es también necesaria su radicación en los libros de la corte de distrito mediante el pago por el apelante de los derechos correspondientes.

ID.—ESCRITO DE APELACIÓN—SUS EFECTOS.—La presentación del escrito de apelación contra una sentencia de una corte municipal en pleito civil, tiene el efecto de suspender la ejecución de dicha sentencia, pero no de anularla, y si se declara después que la apelación no se prosiguió debidamente, la suspensión desaparece y la sentencia apelada recobra su propia virtualidad.

ID. — JUICIOS DE NOVO — PARTES DEMANDANTE Y DEMANDADA — RADICACIÓN DE LOS AUTOS.—En los juicios *de novo* que se celebran en las cortes de distrito

a virtud de apelaciones interpuestas contra sentencias de las cortes munici-
pales, no hay propiamente partes apelantes y apeladas sino partes deman-
dantes y demandadas, pero esta doctrina es aplicable solamente a partir de
la debida radicación del caso en la corte de apelación.

Los hechos están expresados en la opinión.

Abogado de la peticionaria: *Sr. Francisco González Fa-
gundo.*

El Juez demandado no compareció.

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del
tribunal.

El presente es un recurso de *certiorari.* En la petición
se alegó, en resumen, lo que sigue:

Que la sociedad peticionaria estableció una demanda en
la Corte Municipal de San Lorenzo contra Rodulfo Hons,
en cobro de pesos, y obtuvo una sentencia favorable el 19
de enero de 1915 que fué apelada por el demandado el 27
del mismo mes y año.

Que el 8 de febrero de 1915 se remitieron los autos a la
corte de distrito sin que el demandado registrara su apela-
ción mediante el pago de los derechos correspondientes, ni
practicara diligencia alguna para proseguirla.

Que el 17 de abril de 1916, o sea, más de un año después,
el demandante solicitó la desestimación del recurso, y al día
siguiente la corte de distrito declaró sin lugar la moción y
resolvió que el apelado, a falta del apelante, venía obligado
a radicar la apelación pagando los derechos correspondientes,
ya que una vez remitida la transcripción por el secretario
de la corte municipal, la sentencia apelada había perdido
toda existencia legal, debiendo procederse a la celebración
del nuevo juicio. En la petición se transcribe íntegra la
resolución de la corte inferior.

El recurrente sostiene que al actuar de tal modo la corte
sentenciadora lo hizo erróneamente, infringiendo la juris-
prudencia establecida por este Tribunal Supremo en el caso
de *Cividanes* v. *López Acosta,* 22 D. P. R. 79.

El caso de Cividanes que se ha invocado no es exacta-

mente igual al presente, pero, a nuestro juicio, los principios que en él se establecieron le son enteramente aplicables.

Allí cuando la moción de desestimación se presentó a la corte de distrito, aun no se habían remitido los autos por el secretario de la corte inferior.   Aquí los autos se habían remitido.   Pero no basta la sola remisión.   Es necesaria la radicación en los libros de la corte de distrito, mediante el pago por el apelante de los derechos correspondientes, para que se entienda que el asunto se encuentra debidamente en dicha corte de distrito.

El caso de Gelabert citado por el juez sentenciador, se cita también en el de Cividanes.   "Desde luego," dijo este tribunal, "que una vez elevados los autos en término a la corte de distrito, y *registrada la apelación* e *incluída en el calendario,* es el deber de la corte oirla y resolverla, aun sin la comparecencia del demandado apelante, como así fué resuelto en el caso de *Gelabert* v. *Córdova, Juez de Distrito,* 17 D. P. R. 1200."   Véase *Cividanes* v. *López Acosta,* 22 D. P. R. 79, 85.   (Las itálicas son nuestras.)

Es condición, pues, indispensable que el apelante haga radicar su apelación mediante el pago de los derechos que la ley exige, para que tenga aplicación la jurisprudencia establecida en el caso de Gelabert.   Una transcripción recibida por el secretario pero no radicada en los libros de la corte, es lo mismo que una demanda que se envía a dicho funcionario y que éste no radica porque no se le satisfacen los derechos que para ello fija el estatuto.   Ni uno ni otro documento puede considerarse que se encuentra debidamente dentro de la corte de distrito.

De acuerdo con la sección 2 de la ley para reglamentar las apelaciones contra sentencias de las cortes municipales en pleitos civiles, de 1908, la presentación del escrito de apelación en la forma que prescribe la sección primera de dicha ley, tendrá el efecto de suspender la ejecución de la sentencia. La sentencia, de acuerdo con la ley, queda meramente suspendida pero no anulada por virtud de la apelación que

contra ella se interponga.   Si se declara después que la apelación no se prosiguió debidamente, la suspensión desaparece y la sentencia apelada recobra su propia virtualidad.

Esto que decimos ahora en nada afecta a la jurisprudencia sentada en el caso de Gelabert con respecto a que en los juicios que *de novo* se celebran en las cortes de distrito a virtud de apelación interpuesta contra sentencia de las cortes municipales, no hay propiamente partes apelante y apelada, sino partes demandante y demandada, y, por tanto, no cabe invocar como aplicables aquellos preceptos que regulan las apelaciones que han de resolverse sobre los mismos méritos que sirvieron de base a la sentencia apelada, pero, repetimos, que tal doctrina es aplicable solamente a partir de la debida radicación del caso en la corte de apelación.

Debe anularse la resolución de 18 de abril último de que se ha quejado el recurrente y devolverse el caso a la corte de su origen para que proceda de conformidad con los principios establecidos en esta opinión.

> *Anulada la resolución recurrida, debiendo la corte inferior proceder con arreglo a los principios enunciados en la opinión.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.